UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIDGET EDMOND AND DANIEL EDMOND<br><br>VERSUS<br><br>MARK BUNDY, MARK BUNDY TRUCKING, GREAT WEST CASUALTY INSURANCE COMPANY, EUGENE ENGLISH, PICO INCORPORATED, SCOTTSDALE INDEMNITY, PRESTON EUBANKS, PROGRESSIVE INSURANCE COMPANY, KELTON HUGHES, MINERAL MOUNTAIN TRUCKING, MIDWEST FAMILY MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | CIVIL ACTION NO.<br><br>SECTION:<br><br>JUDGE<br><br>MAGISTRATE |

## N<small>OTICE OF</small> R<small>EMOVAL</small>

NOW INTO COURT, through undersigned counsel, come Defendants, MINERAL MOUNTAIN TRUCKING and MIDWEST FAMILY MUTUAL INSURANCE COMPANY, who file this Notice for Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represent the following:

## B<small>ACKGROUND</small>

I.

Bridget Edmond and Daniel Edmond, plaintiffs herein, filed a lawsuit styled *Bridget Edmond and Daniel Edmond v. Mark Bundy, Mark Bundy Trucking, Great West Casualty*

1

*Insurance Company, Eugene English, Pico Incorporated, Scottsdale Indemnity, Preston Eubanks, Progressive Insurance Company, Kelton Hughes, Mineral Mountain Trucking, Midwest Family Mutual Insurance Company, and State Farm Mutual Automobile Insurance Company* in 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana, No. 2018-6089, Division B.

II.

The suit arises out of an alleged multi-vehicle automobile accident on I-10 in St. Tammany Parish, Louisiana involving a vehicle operated by plaintiff Bridget Edmond and owned by plaintiff Daniel Edmond (the "Edmond Vehicle"). In particular, plaintiffs allege that on or about January 31, 2018, Bridget Edmond was proceeding on 1-10 in the Edmond Vehicle when defendant-driver, Mark Bundy, who was driving a 2007 Kenworth Tractor and Trailer owned by Bundy Trucking (hereinafter the "Bundy Vehicle"), struck the Edmond Vehicle in the rear causing the subject accident. Subsequently, Eugene English, driving a 2011 Peterbilt Tractor and Trailer for Pico Incorporated, and insured with Scottsdale Indemnity (hereinafter the "English Vehicle"), struck the Bundy vehicle in the rear, causing the Bundy Vehicle to collide again with the Edmond Vehicle.  Subsequently, Preston Eubanks, driving a 2014 Ford F150 truck, insured with Progressive Insurance Company (hereinafter the "Eubanks Vehicle"), attempted an evasive maneuver by changing lanes and struck the English vehicle and a vehicle being driven by Steven Scalice, pushing the English Vehicle into the Bundy Vehicle, which again struck the rear of the Edmond Vehicle. Subsequently, Kelton Hughes, driving for Mineral Mountain Trucking, and insured with Midwest Family Mutual Insurance Company, allegedly struck the Eubanks vehicle, pushing it into the English vehicle, then pushing the English vehicle

into the Bundy vehicle, in turn pushing the Bundy vehicle into the Edmond vehicle again. (See Petition for Damages attached as Exhibit "1").

III.

Plaintiff Bridget Edmond claims she suffered the following damages: 1) Pain and suffering (Past, present and future), 2) Medical expenses (past, present and future), 3) Mental anguish, humiliation and aggravation (past, present and future), 4) loss of wages (past, present and future), 5) loss of enjoyment of life (past, present and future), 6) permanent scaring and disfigurement, permanent injuries, disability, and loss of use; and 7) property damage. Moreover, plaintiff Daniel Edmond claims he suffered damages for loss of consortium, service and society as a result of the injuries to his wife, Bridget Edmond. (See Petition for Damages attached as Exhibit "1").

**BASIS OF REMOVAL**

IV.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441 in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See also Riley v. F.A. Richard & Assoc., Inc.*, 2002 WL 1973771, 4 (5th Cir. 2002).

V.

Mineral Mountain Trucking, LLC is a limited liability company, whose members are Chuck Hughes and Minnie Hughes, both citizens and domiciliaries of the State of Utah.

VI.

Midwest Family Mutual Insurance Company is a foreign insurance company incorporated in the State of Iowa with its principal place of business in the State of Iowa.

VII.

Kelton Hughes is a citizen and domiciliary of the State of Utah.

VIII.

Upon information and belief, Mark Bundy Trucking is an unincorporated entity with its principal place of business in the State of Utah.

IX.

Mark Bundy is a citizen and domiciliary of the State of Utah.

X.

Great West Casualty Insurance Company is a foreign insurance company incorporated in the State of Nebraska with its principal place of business in the State of Nebraska.

XI.

PiCo Incorporated is incorporated in the State of Mississippi with its principal place of business in the State of Mississippi.

XII.

Eugene English is a citizen and domiciliary of the State of Mississippi.

XIII.

Scottsdale Indemnity is a foreign insurance company incorporated in the State of Ohio with its principal place of business in the State of Ohio.

XIV.

Preston Eubanks is a citizen and domiciliary of the State of Mississippi.

XV.

Upon information and belief, Progressive Insurance Company is a foreign insurance company incorporated in the State of Ohio with its principal place of business in the State of Ohio. Likewise, Mountain Laurel Insurance Company, alleged to be the proper defendant in lieu of Progressive, is a foreign insurance company incorporated in the State of Ohio with its principal place of business in the State of Ohio.

XVI.

Upon information and belief, State Farm Mutual Automobile Insurance Company is a foreign insurance company incorporated in the State of Illinois with its principal place of business in the State of Illinois.

XVII.

Because plaintiffs are citizens of the State of Louisiana and all properly named and joined defendants are citizens of states other than Louisiana, complete diversity of citizenship exists among the parties.

XVIII.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

XIX.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

XX.

Since Article 893 of the Louisiana Code of Civil Procedure prohibits plaintiffs from pleading a specific dollar amount of damages, no specific dollar amount is provided in the plaintiffs' Petition. For purposes of removal, however, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

XXI.

Plaintiff Bridget Edmond claims she suffered personal injuries to her "mind, head, jaw, mouth, nose, neck, shoulders, back, arms and legs", and seeks the following damages: 1) pain and suffering (past, present and future), 2) medical expenses (past, present and future), 3) mental anguish, humiliation and aggravation (past, present and future), 4) loss of wages (past, present and future), 5) loss of enjoyment of life (past, present and future), 6) permanent scaring and disfigurement, permanent injuries, disability, and loss of use; and 7) property damage. Moreover, plaintiff Daniel Edmond claims he suffered damages for loss of consortium, service and society as a result of the injuries to his wife, Bridget Edmond. (See Petition for Damages attached as Exhibit "1").

XXII.

Based on the allegations of plaintiffs' Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

XXIII.

Mineral Mountain Trucking and Midwest Family Mutual Insurance Company do not admit the underlying facts alleged by plaintiffs and deny liability to plaintiffs.

**REMOVAL PROCEDURE**

XXIV.

Based on the state court record, all defendants who have been properly served with plaintiffs' Petition for Damages affirmatively consent to the removal of this action (Consents attached hereto as Exhibit "2"). *See   Lewis v. Rego Co.,* 757 F.2d 66, 68-69 (3d Cir. 1985) (observing that notice of removal filed before all non-resident defendants served with process still effective).  Mineral Mountain Trucking and Midwest Family Mutual Insurance Company have not sought the consent of any additional defendants because proof of service has not been filed into the state court record, and they have no actual knowledge of service on any additional defendants. *See Cooper v. Sentry Select Ins. Co.*, 2008 U.S. Dist. LEXIS 82223 (W.D. La. Oct. 15, 2008) (holding that removal petition was not defective due to absence of consent, as proof of service had not been filed into the record and the removing party noted this in the removal petition).

XXV.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

XXVI.

The state court action was commenced on October 30, 2018, and this removal has been filed within one (1) year after its commencement.

XXVII.

While reserving all rights to assert dismissal due to *forum non conveniens* and improper venue, venue for removal is appropriate within the Western District of Louisiana because the matter is being removed from Division B of 12th Judicial District Court for the Parish of Avoyelles —a court which the Western District of Louisiana embraces, and more specifically:

>The Honorable William J. Bennett
>12th Judicial District Court, Division B
>P.O. Box 84
>Marksville LA 71351
>Telephone: (318) 253-9418

XXVIII.

Under 28 U.S.C. § 1446(d), the movers affirm that they will give written notice of this removal to all adverse parties and will file a copy of the Notice with the 12th Judicial District Court for the Parish of Avoyelles.

XXIX.

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers identify all known counsel as follows:

a. *Counsel for Plaintiffs – Bridget Edmond and Daniel Edmond*
Brian M. Caubarreaux
Emily Gremillion
Wesley K. Elmer
Laura Knoll
BRIAN CAUBARREAUX AND ASSOCIATES
144 W. Tunica Drive
Marksville, LA 71351-0146
Phone:  (318) 253-0900
Facsimile:  (318) 253-5666

b. *Counsel for Defendants – Mineral Mountain Trucking and Midwest Family Mutual Insurance Company*
Andrea L. Albert (#27353)
Jose L. Barro, III (#30857)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70471
Phone:  (985) 674-6680
Facsimile:   (985) 674-6681

c. *Counsel for Defendants - Mark Bundy, Mark Bundy Trucking, And Great West Casualty Insurance Company*:
James Dill (#18868)
Richard Montgomery (#21363)
THE DILL FIRM
825 Lafayette Street
Lafayette, La 70501
Phone:  (337) 261-1408
Fax:  (337) 261-9176

d. *Counsel for Defendant - State Farm Mutual Automobile Insurance Company*:
James E. Diaz, Jr. (#01331)
LEAH B. GUILBEAU & ASSOCIATES
4023 Ambassador Caffery Parkway, Suite 100
Lafayette, LA 70503
Phone:  (337) 988-4240
Fax:  (337) 396-2577

9

e. *Counsel for Defendant - Mountain Laurel Insurance Company (mis-designated as Progressive Insurance Company)*
Michael P. Corry, Sr. (#20764)
BRINEY FORET CORRY
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
Telephone: (337) 237-4070
Facsimile: (337) 233-8719

XXX.

Further pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers attach a copy all state court pleadings, including any answers, along with the return of service of process filed in state court so far. *See* Exhibit "1."

XXXI.

Mineral Mountain Trucking and Midwest Family Mutual Insurance Company requests a trial by Jury.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal. She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

WHEREFORE, Defendants, Mineral Mountain Trucking and Midwest Family Mutual Insurance Company, pray that this Notice be accepted as good and sufficient, and that this civil action be removed from the 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana, to the docket of this Honorable Court for trial and determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 12th Judicial District Court for the Parish of

Avoyelles, State of Louisiana, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

                                                  Respectfully submitted,

                                                  */s/Andrea L. Albert*_____
                                                  **ANDREA L. ALBERT (#27353)**
                                                  **JOSE L. BARRO, III (#30857)**
                                                  **GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
                                                  #3 Sanctuary Boulevard, Third Floor
                                                  Mandeville, Louisiana  70448
                                                  Telephone: (985) 674-6680
                                                  Facsimile:  (985) 674-6681
                                                  *Attorneys for Mineral Mountain Trucking and Midwest Family Mutual Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of November, 2018 a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

                                                  */s/Andrea L. Albert*_____
                                                **ANDREA L. ALBERT**